I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL Petitioner
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 4/22/2014

Denise Vo
DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 22 2014

CENTRAL DISTRICT OF CALIFORNIA
BY DV   DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ANTHONY McCULLOUGH,<br><br>  Petitioner,<br><br>  v.<br><br>MONTGOMERY, Warden,<br><br>  Respondent. | Case No. EDCV 14-00721 JFW (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 ("Petition") brought by Anthony McCullough ("Petitioner"), a state prisoner proceeding *pro se*. The Petition challenges Petitioner's current state custody following a jury trial in the California Superior Court for San Bernardino County (case no. FSB048689). Petitioner was convicted of first degree murder, including a weapon enhancement and strike priors, and he was sentenced to seventy-six years to life.

For the reasons set forth below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

### A. Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte* if the court gives the petitioner adequate notice and an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B. Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). In most cases, the limitations period is triggered by "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

///
///
///
///
///
///

The Petition and Petitioner's relevant state court records[1] establish the following facts. On December 15, 2010, Petitioner was sentenced for the above offense. On May 17, 2012, the California Court of Appeal affirmed the judgment (case no. E052601). On August 29, 2012, the California Supreme Court then denied further review (case no. S203497). Petitioner does not allege, and it does not appear, that he filed a petition for certiorari in the United States Supreme Court. (Pet. at 15; state court records; *see also* Supreme Court Docket, available on the Internet at http://www.supremecourt.gov/docket.)

Therefore, for purposes of AEDPA's limitations period, Petitioner's judgment became final on November 27 2012, the ninetieth day after the state high court denied his petition for review and the last day for him to file a petition for certiorari with the Supreme Court. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The statute of limitations then started to run the next day, on November 28, 2012, and ended on November 28, 2013. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event under Fed. R. Civ. P. 6(a)). Petitioner did not constructively file his pending Petition until January 15, 2014 -- forty-eight days after the expiration of the limitations period.[2] Accordingly, absent some basis for tolling or an alternative

---

[1] The Court takes judicial notice of Internet records relating to this action in the superior court (available at http://openaccess.sb-court.org), and in the state appellate courts (available at http://appellatecases.courtinfo.ca.gov) ("state court records"). *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of related state court documents), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

[2] Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule (continued...)

Page 3

start date to the limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

C. **Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip v. Hall*, 548 F.3d 729, 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). The Petition and Petitioner's state court records establish that he filed one habeas petition in the superior court on November 15, 2012, and that petition was summarily denied on November 30, 2012 (case no. WHCSS1200514). (Pet. at 16; state court records.) However, to the extent Petitioner filed his state habeas petition before the limitations period began running, AEDPA's statutory language does not authorize statutory tolling to begin accruing during that period. AEDPA only provides that a properly filed state habeas petition "shall not be counted" in calculating the limitations deadline. *See* § 2244(d)(2). Consequently, the Court finds Petitioner is entitled to two days of statutory tolling for the time during which: (1) the statute of limitations would have started running; and (2) Petitioner's state habeas petition was still pending. *Id.* AEDPA's limitations deadline was extended from November 28 to November 30, 2013. The pending Petition, constructively filed on January 15, 2014, is still untimely by forty-six days.

---

2/ (...continued)
3(d). For purposes of this preliminary timeliness analysis *only*, and absent any evidence to the contrary, the Court assumes without finding that Petitioner constructively filed the Petition by delivering it to the prison mail system on January 15, 2014, which is the date he purports to have signed it and logically the earliest date he could have delivered it to the prison mail system. (Pet. at 16.) If Petitioner contends his constructive filing date differs, then he must attach a true and correct copy of the relevant prison mail log as an exhibit to his response to this OSC so the Court can make an appropriate factual determination.

Page 4

D.  **Alternative Start of the Statute of Limitations**

1.  **State-Created Impediment**

In rare instances, AEDPA's one-year limitations period can run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

2.  **Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

3.  **Discovery of Factual Predicate**

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012). The Petition does not set forth any facts for an alternate start date of the limitations period under this provision.

E.  **Equitable Tolling**

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549 (2010). Specifically, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1)

Page 5

1 that he has been pursuing his rights diligently, and (2) that some extraordinary
2 circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct.
3 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007).

4       However, "[e]quitable tolling is justified in few cases" and "the threshold
5 necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions
6 swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting
7 Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). Additionally, although "we
8 do not require [the petitioner] to carry a burden of persuasion at this stage in order to
9 merit further investigation into the merits of his argument for [equitable] tolling,"
10 *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), "[w]here the record is amply
11 developed, and where it indicates that the [alleged extraordinary circumstance did not]
12 cause the untimely filing of his habeas petition, a district court is not obligated to hold
13 evidentiary hearings to further develop the factual record, notwithstanding a
14 petitioner's allegations . . . ." *Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010);
15 *see also Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir. 2010) ("[W]here the
16 record is sufficient to permit the district court - and us on appeal - to evaluate the
17 strength of the petitioner's [equitable tolling] claim, the district court does not
18 necessarily abuse its discretion if it denies the petitioner a hearing.") (cited pursuant
19 to 9th Cir. R. 36-3).

20       The Petition does not set forth any facts for equitable tolling.
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

# ORDER

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **May 13, 2014**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's analysis is correct and the Petition is time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response.**

IT IS SO ORDERED.

DATED: April 21, 2014

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE